**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 5:08-0480-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Eugene Montreal Folk, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on consent motion to vacate amended judgment and reconsider the Government's Rule 35(b) motion (the consent motion"), which consent motion was filed by Eugene Montreal Folk ("Folk") and the United States ("the Government") (collectively "the parties"). ECF No. 117.

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Folk is a federal prisoner currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. ECF No. 104-1 at 1. On May 22, 2008, the Government named Folk in a one-count indictment ("Count 1"), charging him with possession with intent to distribute and distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C). ECF No. 1. On June 20, 2008, the Government filed an information to establish prior convictions pursuant to 21 U.S.C. § 851. ECF No. 8. The Government's information notified Folk that he was subject to increased penalties for the following prior South Carolina state convictions: (1) possession with intent to distribute marijuana ("PWID marijuana"); (2) possession with intent to distribute crack cocaine ("PWID crack cocaine"); and (3) possession of crack. Id. On January

1

29, 2009, in accordance with the terms of a written plea agreement, Folk entered a plea of guilty to Count 1 of the indictment.  ECF Nos. 65, 67.

The United States Probation Office ("USPO") prepared a Presentence Investigation Report ("PSR").  ECF No. 81.  In the PSR, Folk was characterized as a career offender pursuant to U.S.S.G. § 4B1.1.  ECF No. 81 at 9, 11, 18 ¶¶ 26, 28, & 53.  Folk's career offender status was based on his prior convictions for PWID marijuana and PWID crack cocaine (collectively the "PWID convictions"),[1] and his South Carolina conviction for Assault and Battery of a High and Aggravated Nature ("ABHAN").  Id.  The USPO did not recommend a sentence reduction for acceptance of responsibility.  Id. at 7 ¶¶ 21 & 54.  As a result, Folk's total offense level was 37, criminal history category VI.  Id. at 22 ¶ 80.  Folk's sentencing guideline range was 360 months to life in prison.  Id.

Folk's sentencing hearing was held on February 26, 2010.  ECF No. 95.  During the sentencing hearing, Folk objected to the denial of acceptance of responsibility.  ECF No. 95 at 9-10.  The court sustained the objection and reduced Folk's offense level to 34.  Id. at 10-11.  The Government then moved for a two level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1.  Id. at 13.  The court granted the motion and reduced Folk's total offense level to 31, criminal history category VI, resulting in a sentencing guideline range of 188 to 235 months imprisonment.  Id. at 18-19.  The court sentenced Folk to a term of imprisonment of 188 months, followed by 8 years of supervised release.  ECF No. 87.  Judgment was entered on March 1, 2010.  Id.

---

[1] Folk's PWID convictions arose out of the same arrest and are treated as a single sentence pursuant to U.S.S.G. § 4A1.2(a)(2).

On March 3, 2011, Folk, proceeding *pro se*, filed a motion to vacate pursuant to 28 U.S.C. § 2255 ("motion to vacate"). ECF No. 92. That same day, the court issued an order advising the Government to file an answer or other pleading within thirty days. Id. On March 31, 2011, the Government filed a response in opposition to the motion to vacate and a motion for summary judgment. ECF Nos. 97, 98. Also, on March 31, 2011, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Folk of the consequences if he failed to adequately respond to the Government's motion for summary judgment. ECF No. 99.

In July 2013, Folk wrote a letter to the court, asking that the Government file a motion to reduce his sentence for substantial assistance pursuant to Federal Rule of Criminal Procedure 35(b) ("Rule 35(b)"). ECF No. 104. On August 7, 2013, the Government filed a motion for downward departure (the "motion for downward departure") pursuant to Rule 35(b), requesting a reduction of Folk's offense level from level 31, criminal history category VI to level 28, criminal history category VI, for a sentencing guideline range of 140 to 175 months imprisonment. ECF No. 105. In support of its motion for downward departure, the Government argued that Folk provided substantial assistance after his sentencing in February 2010. Id. On August 29, 2013, the court entered an amended judgment, sentencing Folk to 140 months imprisonment, followed by 8 years of supervised release. ECF 109.

On February 24, 2014, Folk, no longer proceeding *pro se*,[2] filed a motion to amend/correct his original motion to vacate (the "motion to amend"), ECF No. 115. The Government filed a

---

[2] On February 19, 2014, Folk filed a motion to appoint counsel, which the court granted on February 20, 2014. ECF Nos. 112, 113.

3

response in support (the "response in support") of Folk's motion to amend on March 3, 2014. ECF No. 116. On March 25, 2014, the parties filed the instant consent motion. ECF No. 117.

## II. DISCUSSION

### A. *The Consent Motion*

In their consent motion, the parties note that in his motion to vacate, Folk asserted, among other things, that his trial counsel was ineffective for failing to challenge the use of his ABHAN conviction as a predicate offense under the career offender guidelines. The parties further note that in response to Folk's motion to vacate, the Government moved for summary judgment, arguing that the use of Folk's ABHAN conviction was appropriate under the modified categorical approach.

The parties state that on October 31, 2013, the Fourth Circuit held that ABHAN "'is not categorically an ACCA violent felony and that the modified categorical approach has no role to play in the decision of whether a common law ABHAN offense is an ACCA violent felony.'" Id. at 4 (quoting United States v. Hemingway, 734 F.3d 323, 338 (4th Cir. 2013)). The parties next point out that Folk filed his motion to amend in order to seek relief under Hemingway. The parties further state that the Government erroneously filed a response in support in which it agreed that Folk was entitled to relief pursuant to Hemingway. The parties note that the Government's position is that Folk's claim is not cognizable under § 2255. Rather than litigate Folk's entitlement to relief under Hemingway, the parties request: (1) that the Government be granted permission to withdraw its response in support filed on March 3, 2014 (ECF No. 116); (2) that the court vacate its amended judgment dated August 29, 2013 (ECF No. 109); (3) that the court reconsider its ruling on the Government's motion for downward departure pursuant to Rule 35(b) filed on August 7, 2013 (ECF No. 105); and that Folk's motion to vacate be withdrawn. ECF No. 117 at 5.

4

Further, the Government, with Folk's consent, amends its motion for downward departure. The parties agree that in light of the erroneously filed response in support and because of Folk's "unique" procedural posture, a sentence of time served followed by the required period of supervised release would "best serve the interest of justice in this case." Id. at 5-6.

### B. *The Court's Review*

Upon review of the record and after considering the parties' position as to the particular circumstances of this case, the court grants the parties' stated requests.

### III.   CONCLUSION

For the reasons stated above, the court GRANTS the parties' consent motion (ECF No. 117). The Government's response in support (ECF No. 116) is withdrawn; the court's amended judgment (ECF No. 109) is vacated; Folk's motion to vacate (ECF No. 92) is withdrawn; and the court, after reconsidering the Government's motion for downward departure, sentences Folk to a sentence of time served, followed by 8 years of supervised release. Folk's motion to amend (ECF No. 115) is denied as moot. The court shall enter an amended judgment contemporaneously herewith.

**IT IS SO ORDERED**.

                                        s/ Margaret B. Seymour
                                        Margaret B. Seymour
                                        Senior United States District Judge

March 28, 2014
Columbia, South Carolina